**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:06 CR 56** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DONALD E. KNIGHTEN,** | ) | **ORDER** |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**I.**

This matter was before the Court on January 22, 2007 for a hearing to determine whether the Defendant is competent to stand trial. For the following reasons, the Court finds the Defendant competent to stand trial.

On August 3, 2006, counsel for the Defendant, Edward G. Bryan, filed a motion for a competency evaluation and hearing. *See* Dkt. # 28. The Court granted the Defendant's motion on August 7, 2006, and ordered the Defendant to undergo a competency evaluation, as provided in 18 U.S.C. § 4241 (a). *See* Dkt. # 29.

The Defendant was then designated to the Federal Detention Center in Miami, Florida. *See* Ct. Ex. # 1 ("Forensic Report"). According to Dr. Rodolfo A. Buigas, [t]he defendant

does not appear to currently suffer from a mental illness that would interfere with his trial competency." *Id.* at 9.

**II.**

If reasonable cause exists to believe that a defendant is mentally incompetent to stand trial, a district court shall order a hearing to determine whether the defendant is competent. 18 U.S.C. § 4241 (a).  During the hearing, the defendant "shall be represented by counsel" and "afforded the opportunity to testify, to present evidence, to subpoena witnesses on his own behalf, and to confront and cross-examine witnesses who appear at the hearing."  18 U.S.C. § 4247 (d).  The statute also provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment. . . .

18 U.S.C. § 4241 (d).

**III.**

The Defendant appeared before the Court on January 22, 2007 for a competency hearing with counsel Edward G. Bryan.  Linda Barr appeared for the government.  At the hearing, counsel for the Defendant stated that he did not object to the finding in the Forensic

Report that the Defendant is competent to stand trial.

Therefore, the Court finds the Defendant competent to stand trial. A defendant is incompetent to stand trial when he does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks omitted). In determining whether a defendant is competent, the Supreme Court has emphasized that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant . . . but that even one of these factors standing alone, may, in some circumstances be sufficient." *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

In the present case, the overwhelming weight of the evidence demonstrates that the Defendant understands the nature and consequences of the proceedings against him and that he is able to assist properly in his defense. Dr. Buigas found the Defendant does not suffer from a mental illness that would affect his competency to stand trial. *See* Forensic Report at 9. While the Defendant's description of his knowledge of the legal system was "vague," Dr. Buigas reports that the Defendant understands his role in his defense and the roles of his attorney, of the prosecutor, of the judge, and of the jury. *Id.* Furthermore, based on two tests, the Defendant scored "in the range of persons determined competent to stand trial by the Courts." *Id.*

Based on the Forensic Report, and the fact that the Defendant did not object to the Forensic Report's conclusion, the Court finds that the Defendant understands the nature and

consequences of the proceedings against him and that he is able to assist properly in his defense. Accordingly, the Court finds that the Defendant is competent to stand trial.

The trial is hereby scheduled for February 27, 2007, at 8:30 a.m. A final pretrial conference is scheduled for February 8, 2007, at 10:30 a.m.

**IT IS SO ORDERED.**

   **s/ Peter C. Economus     January 23, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**